IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL RIVERS,

    Plaintiff,

v.                                      CASE NO. 1:20-cv-107-MW-GRJ

ZENO OFFICE SOLS.,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendant's Motion to Dismiss. ECF No. 6. Because, in its motion, Defendant raises waiver as an affirmative defense and relies on matters outside the Complaint, on August 3, 2020, the Court converted the motion to dismiss to a motion for summary judgment and provided the parties a reasonable opportunity to submit supplemental evidence or briefing. ECF No. 9. Plaintiff, who is proceeding *pro se*, filed a response in opposition to Defendant's motion, ECF No. 11, and Defendant filed a timely reply memorandum in accordance with Local Rule 56.1, ECF No. 10.

The instant motion is ripe for consideration. For the reasons explained below, it is respectfully **RECOMMENDED** that Defendant's converted motion for summary judgment should be **GRANTED**.

## I. BACKGROUND

This is a case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. ECF No. 1. Defendant employed Plaintiff to install and service Xerox copy machines from December 10, 2018, until his resignation in July 2019.[1] *Id.* at 9, 11. Plaintiff alleges that Defendant did not pay him for "several hundred" hours of overtime work he performed from home, such as re-stocking service parts and answering phone calls, emails, and text messages. *Id.* at 9–10.

Plaintiff filed a wage complaint with the United States Department of Labor ("DOL") on October 13, 2019, in which he claimed that he was not compensated by Defendant for his mileage and overtime hours between December 2018 and July 2019. ECF No. 11-1 at 2–6. DOL opened an FLSA investigation into Defendant, and, on November 7, 2019, DOL informed Defendant that it would need to examine its payroll records, employment records, and tax returns. ECF No. 6-1 at 2. On February 21, 2020, DOL sent Defendant a "[s]ummary of unpaid back wages and receipts for payment of back wages." ECF No. 6-2 at 2. DOL directed

---

[1] Plaintiff's allegations as to his resignation date are inconsistent. *Compare* ECF No. 1 at 10 ("On January 15, 2019, the Plaintiff resigned from Zeno Office Solutions."); *with id.* at 11 (Plaintiff was "[e]mployed from December of 2018 through July of 2019"). The record demonstrates Defendant employed Plaintiff until July 2019. *See, e.g.*, ECF No. 6-4; ECF No 11-1 at 4.

Defendant to sign and return the summary (a WH-56 form) and advised Defendant that the receipts (WH-58 forms) would need to be signed by the employees and returned to Defendant for submission to DOL as "proof of payment." *Id.*  DOL imposed deadlines on Defendant to pay its employees and return the WH-58 forms.  *Id.*

DOL determined that Plaintiff was the only employee entitled to unpaid wages (in the amount of $1,417.50).  ECF No. 6-3 at 2.  On March 3, 2020, Defendant mailed Plaintiff a check for $1,203.79, ECF No. 6-5 at 2, and a WH-58 form, ECF No. 6-4 at 2–4.  The WH-58 form explained that the $1,203.79 payment by Defendant (for back wages minus legal deductions) was required under the FLSA for Plaintiff's work between December 15, 2018, and July 13, 2019.  *Id.* at 2.  The WH-58 form also included the following notice:

> NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA or Section 107 of the FMLA.  Generally, a suit for unpaid wages or other compensation, including liquidated damages, must be filed within two years of a violation of the FLSA or FMLA.  Do not sign this receipt unless you have actually received this payment in the amount indicated above.

3

*Id.* Finally, as explained above, the WH-58 form serves as a receipt and, consequently, included a place for Plaintiff's signature. *Id.*

Plaintiff deposited the check from Defendant on March 6, 2020, ECF No. 6-6 at 2, but, according to Defendant, he did not return the corresponding WH-58 form, ECF No. 6 at 8. Plaintiff filed his Complaint in this case two months later, on May 11, 2020. ECF No. 1.

## II. LEGAL STANDARD

The entry of summary judgment is appropriate when the Court is satisfied "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).[2]

---

[2] *See also Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n.12 (11th Cir. 1988) ("The summary judgment standard requires that we resolve all reasonable doubts in favor of the non-moving party, but it does not require us to resolve all doubts in such a manner.").

4

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. Where the motion for summary judgment concerns a claim or defense for which the movant would bear the burden of proof at trial—such as a defendant asserting an affirmative defense—the movant has the additional burden of showing the evidence, as it exists in the summary judgment record, establishes the claim or defense. *Int'l Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1552 (11th Cir. 1990).[3]

If the movant is successful on this score, the burden shifts to the non-moving party to show the existence of a genuine, material factual dispute. *Celotex*, 477 U.S. at 324. The non-moving party may not simply rest on the pleadings but must use affidavits, depositions, answers to interrogatories,

---

[3] *See also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." (emphasis in original)); *Williams v. United Launch Alliance, LLC*, 286 F. Supp. 3d 1293, 1307 (N.D. Ala. 2018) ("Because ULA bears the burden of proof on its affirmative defenses, its status as the summary-judgment movant requires it to establish there is no genuine dispute of material fact as to all of the elements of its affirmative defense and, concomitantly, that it deserves judgment as a matter of law on the defense.").

or other admissible evidence to demonstrate that a material fact issue remains to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785–86 (11th Cir. 2005). Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000).

### III.  DISCUSSION

Defendant argues that the uncontroverted record evidence demonstrates Plaintiff waived his right to bring this lawsuit when he cashed the March 3, 2020, check from Defendant for back wages. The Court agrees and, accordingly, concludes Defendant is entitled to summary judgment.

The relevant statutory scheme is straightforward. Plaintiff's sole FLSA claim against Defendant arises under 29 U.S.C. § 207, which requires payment for overtime work (*i.e.*, that in excess of forty hours per week not subject to an exemption). *White v. Dixie*, 741 F. App'x 649, 661–62 (11th Cir. 2018). An employer who violates § 207 is liable to the employee for unpaid overtime compensation plus an equal amount of liquidated damages. 29 U.S.C. § 216(b). The DOL Secretary may supervise the payment of unpaid overtime compensation owed to an

employee under § 207, and an employee's agreement to accept the supervised payment waives his or her right to sue for unpaid overtime compensation and liquidated damages under § 216(b). 29 U.S.C. § 216(c).

Viewed through the lens of Rule 56's summary judgment standard, this leaves two questions for the Court to resolve: (1) whether there is a genuine issue of material fact precluding summary judgment?; and (2) whether Defendant is entitled to judgment as a matter of law on its § 216(c) waiver defense? The Court will answer each question in turn.

First, the record does not present a genuine dispute of material fact. Defendant attached business records to its motion for summary judgment, all of which "could be reduced to admissible evidence at trial or reduced to admissible form." *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999); *see also Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012). These records demonstrate, as explained above, that: (1) DOL initiated an investigation into Defendant's overtime compensation practices; (2) DOL directed Defendant to sign a WH-56 form acknowledging it owed unpaid wages to Plaintiff and to pay Plaintiff those unpaid wages; (3) Defendant issued Plaintiff a check and WH-58 form in accordance with DOL's instructions; and (4) Plaintiff cashed the check. ECF Nos. 6-1, 6-2, 6-3, 6-4, 6-5, 6-6.

Plaintiff, as the non-movant, fails to offer any evidence of his own establishing a material factual issue. The Court cannot consider as evidence Plaintiff's Complaint, ECF No. 1, and his response to Defendant's motion for summary judgment, ECF No. 11-1, because they are not sworn under penalty of perjury. *McCaskill v. Ray*, 279 F. App'x 913, 915 (11th Cir. 2008) ("Unsworn statements, even from *pro se* parties, should not be 'considered in determining the propriety of summary judgment.'" (quoting *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)) (alterations adopted)). Even if they were admissible, they would not manufacture a genuine issue of material fact. Plaintiff does not dispute the authenticity or admissibility of Defendant's records, contest Defendant's claim that he received the WH-58 form along with the March 3, 2020, check, or offer conflicting evidence. Plaintiff's response raises only legal challenges to the sufficiency of the payment directed by DOL, ECF No. 11, which are addressed below. Lastly, Plaintiff's records of his communications to DOL and hours worked, ECF No. 11-1, are not relevant to Defendant's § 216(c) waiver defense. In sum, there is not a genuine issue of material fact that precludes reaching the issue of whether Defendant is entitled to judgment as a matter of law.

Second, Defendant is entitled to judgment as a matter of law on its § 216(c) waiver defense.  Dressed down, the waiver provision of § 216(c) has four essential elements that Defendant must prove: (1) an underlying claim by an employee for overtime compensation under § 207; (2) DOL supervision of payment; (3) an agreement by the employee to accept such payment; and (4) payment in full.  29 U.S.C. § 216(c).  Only the last three elements are in dispute.

*DOL Supervision.*  Although "there is no fixed standard for what constitutes sufficient supervision," *Sanchez-Rosa v. Mun. of San Juan*, No. 18-1558 (RAM), 2020 WL 5821063, at *8 (D.P.R. Sept. 30, 2020), "mere investigation of a complaint" is insufficient, *Cables v. SMI Sec. Mgmt., Inc.*, No. 10-24613-CIV, 2012 WL 12863144, at *4 (S.D. Fla. Apr. 6, 2012).  Instead, "DOL must take affirmative steps to ensure that employees receive payment of their wages."  *Id.*  Several cases illustrate the appropriate level of DOL involvement to satisfy § 216(c).  *See Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1247–48 (11th Cir. 2004) (DOL Regional Director spent "many hours over several months" negotiating and completing a settlement agreement with the defendant, reviewing correspondence, approving formulas and assumptions used to calculate unpaid wages, reviewing employee waiver language, coordinating DOL activities to track

9

employee payments, and answering questions from employees); *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 538 (5th Cir. 1977)[4] (DOL Compliance Specialist investigated claim, determined the amount owed, presented the check to the employee on the employer's behalf, and required employee to sign a receipt and waiver); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (DOL's decision that it has "achieved enough" for employees and sending agreement to employee that would release his or her right to sue for unpaid wages is "the kind of supervision that [§ 216(c)] contemplates").

Defendant argues that DOL supervised the March 3, 2020, payment of Plaintiff's overtime compensation because it investigated Plaintiff's claim for four months, determined the amount of unpaid overtime compensation, directed Defendant to render payment to Plaintiff, provided the necessary forms for payment and waiver, and established deadlines. ECF No. 6 at 7–8. Plaintiff's only retort is that "DOL failed to communicate in writing or by phone what the actual agreement was and for how much[.]" ECF No. 11 at 3. Even so, it is clear that DOL's involvement here went beyond mere

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

investigation and is akin to that considered proper by the courts in *Niland*, *Sneed*, and *Walton*. *See Seelen v. Med Coach, LLC*, No. 8:19-cv-936-T-60SPF, 2019 WL 5423370, at *2 (M.D. Fla. Oct. 23, 2019) (DOL played a "significant role in key tasks necessary to ensure employees received payment" when it "provided instructions regarding: (1) the letter Defendant would send to employees; (2) the calculation and payment of the monies owed; (3) the deadlines for compliance; (4) the inclusion of the Form WH-58; and (5) proof that payments were made"). Defendant, therefore, has satisfied the second ("DOL supervision") element of § 216(c).

*Agreement to Accept Payment*. There is no dispute that Defendant sent Plaintiff the DOL supervised payment of $1,203.79 for overtime compensation and that Plaintiff cashed the check. Agreement, however, requires more than a showing that the employee accepted the money offered. *Walton*, 786 F.2d at 305. Defendant's records reflect that it sent Plaintiff a WH-58 form with the March 3, 2020, check, ECF No. 6-3, and, notably, Plaintiff does not refute this contention in his response. "A WH-58 is a standard form used by the DOL to inform an employee that, although he has the right to file suit under [§ 216(b)], acceptance of the back wages offered will result in waiver of those rights." *Niland*, 377 F.3d at 1248. That is, the unambiguous language of WH-58 is "sufficient to create an

11

enforceable waiver of [an employee's] right to sue." *Id.* Accordingly, Plaintiff's "receipt of a WH-58 form and cashing of the employer's check is sufficient to effect a waiver of the right to sue under the FLSA." *Blackwell v. United Drywall Supply, Inc.*, No. 1:07-cv-2351-ODE, 2009 WL 10672533, at *5 (N.D. Ga. 2009), *aff'd*, 362 F. App'x 56, 58 (11th Cir. 2010).

The fact that Plaintiff did not sign and return the WH-58 form is inconsequential. *See Seelen*, 2019 WL 5423370, at *3 ("Osborn and Belk did have sufficient notice of waiver, and by cashing their checks—even though they did not sign the WH-58 form—they waived their right to sue for unpaid wages."); *Selz v. Investools, Inc.*, No. 2:09-cv-1042-TS, 2010 WL 1451347, at *5 (D. Utah Apr. 8, 2010) ("The undisputed facts are that Plaintiff received a check accompanied by the Receipt Form with its Notice to Employee and waiver language and that Plaintiff endorsed and cashed the check. Under the statute and supporting caselaw, the Court finds the act of endorsing and cashing the check cannot be anything other than a waiver as laid out in the Receipt Form."); *Mion v. Aftermarket Tool & Equip. Grp.*, 990 F. Supp. 535, 541 (W.D. Mich. 1997) ("[T]he terms of the release form predicated waiver on Mion's acceptance of Aftermarket's payment, and not on Mion's signature."). Defendant, therefore, has satisfied the third ("agreement") element of § 216(c).

*Payment in Full.*  An employee's waiver is only effective "upon payment in full[.]"  29 U.S.C. § 216(c).  Liberally construing Plaintiff's response, ECF No. 11 at 2, Plaintiff argues that he has not waived his right to bring this lawsuit because the DOL supervised payment was not payment in full for his claimed unpaid wages and mileage.  ECF No. 11 at 2.  This argument is unavailing because it is based on a plainly incorrect reading of the statute.  The term "payment in full" in § 216(c) refers to the DOL supervised payment, not full satisfaction of the underlying claim.  *Walton*, 786 F.2d at 305; *Mion*, 990 F. Supp. at 540.  Plaintiff does not point to any authority to the contrary, and the Court is not aware of any.  It would be an absurd (and thus untenable) reading of § 216(c) if, as Plaintiff contends, the statute left DOL with no room to settle unpaid wage claims for anything less than the full amount of the claim plus liquidated damages.  Moreover, Plaintiff did not raise any claim for unpaid mileage in his Complaint, ECF No. 1, even though he raised the matter in his initial communication to DOL, ECF No. 11-1 at 2–6.  Defendant, therefore, has satisfied the final ("payment in full") element of § 216(c).

* * *

Defendant is entitled to summary judgment on its affirmative defense of waiver.  That is, Defendant has established, based on the undisputed

record, that Plaintiff waived his right to sue Defendant for overtime compensation under the FLSA because he agreed to accept the DOL supervised payment of $1,203.79.

Success on this defense notwithstanding, the Court is not persuaded by Defendant's argument that Plaintiff's claims are moot because he waived the right to bring this lawsuit under § 216(c). ECF No. 6 at 5–6. In short, the plain language of the waiver provision in § 216(c) does not tether an employee's acceptance of a DOL supervised payment for unpaid wages to a jurisdictional limitation. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."); *Aubrey v. Zamam, LLC*, No. 4:17-cv-446-JLH, 2017 WL 5180427, at *2 (E.D. Ark. Nov. 8, 2017) ("[S]ection 216(c) challenges the validity of the FLSA claims, rather than the court's jurisdiction over the subject matter."); *Min Fu v. Hunan of Morris Food Inc.*, No. 12-05871 (KM), 2013 WL 5970167, at *4 (D.N.J. Nov. 6, 2013) ("[T]he waiver provision of [§ 216(c)] … contains no such limitation on jurisdiction."). Waiver under the FLSA is, instead, an affirmative defense. *Tomason v. Stanley*, 297 F.R.D. 541, 547 (S.D. Ga. 2014). The Court, therefore, has subject-matter jurisdiction to enter summary judgment in Defendant's favor.

## IV.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. 6, which has been converted to a motion for summary judgment, should be **GRANTED**.

**IN CHAMBERS** this 2nd day of October 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.